993 F.2d 1539
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Ray ADKINS, Jr., Defendant-Appellant.
 No. 91-5702.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 10, 1993
Decided: May 24, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-91-232-2)
 William E. Murray, Mitchell & Murray, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Charles T. Miller, First Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Donald Ray Adkins, Jr., a former corrections officer with the Kanawha County, West Virginia, Sheriff's Department, appeals his conviction and sentence for depriving a pretrial detainee of his civil rights under color of law without bodily injury. 18 U.S.C.A. § 242 (West Supp. 1992). Finding no merit to Adkins' appeal, we affirm.
 
 I.
 
 2
 On May 3, 1991, Officer James Coyner was called to a truck stop, where he found Charles Prater screaming and causing a disturbance in the middle of the turnpike on-ramp. After a brief chase, Coyner arrested and handcuffed Prater. Prater offered no resistance. After transporting Prater to the Charleston Police Department and then to the magistrate's court, Coyner and another officer transported Prater to the Kanawha County Jail where sheriff's deputies attempted to remove Prater's handcuffs in order to place county handcuffs and leg shackles on him. During this procedure Adkins slapped Prater in the face four times. Adkins later testified that he slapped Prater three times with an open hand in an attempt to get him to"shut up," but during the initial investigation Adkins said he only hit Prater twice, that one of Prater's arms became free, and that Prater was not fully restrained before the second hit.
 
 
 3
 A video recording of the incident was played for the jury and Coyner, who witnessed the episode, testified concerning his observations. Adkins' attorney attempted to cross-examine Coyner for his opinion as to why Adkins slapped Prater, but the district court denied this lay opinion testimony. The jury convicted Adkins of depriving Prater of his rights without causing bodily injury. At the sentencing hearing, Adkins objected to a two-point enhancement of his offense level, which the probation officer recommended because Adkins had provided false reports about the incident. The district court sentenced Adkins to the statutory maximum for the misdemeanor, 12 months in prison, with one year of supervised release.
 
 II.
 
 4
 Adkins assigns error to the refusal of the district court to permit Coyner to tell the jury that, in his opinion, Adkins only struck Prater in an effort to quiet him. Under Federal Rule of Evidence 701, lay opinion testimony is admissible if it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." The decision of the district court to deny admission of evidence under Rule 701 is reviewed for an abuse of discretion. See United States v. Fowler, 932 F.2d 306, 312 (4th Cir. 1991).
 
 
 5
 Although Coyner's personal knowledge of the slapping incident would likely satisfy the first prong of the Rule 701, we find that Coyner's opinion of why Adkins slapped Prater would not have been helpful to the jury. The jury had the opportunity to view the video recording of the episode. In addition, the jury heard the testimony of Coyner and Ms. Catherine Bellew, a correctional officer who was the acting supervisor when Prater was incarcerated and who also witnessed the incident. This evidence put the jury essentially in the same position as Coyner to determine Adkins' intent. Thus, because the second prong of Rule 701 was not met, the district court did not abuse its discretion in refusing to allow the testimony.
 
 III.
 
 6
 Adkins claims that the district court erred when it found applicable the two-point sentencing enhancement for obstruction of justice, under United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1991). The sentencing guidelines provide that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range," the sentencer must defer to the statutory maximum. U.S.S.G. § 5G1.1(a). The district court sentenced Adkins to the maximum sentence permitted, 12 months in prison. With the obstruction of justice enhancement under § 3C1.1, Adkins had an offense level of 16. Combined with a Criminal History Category of I, he faced a guideline range of 21-27 months in prison. Without the two-level enhancement, Adkins would have been exposed to a range of 15-21 months, still in excess of the statutory maximum. Therefore, Adkins cannot claim his sentence was imposed in violation of law or was an incorrect application of the guidelines, see 18 U.S.C.A. § 3742 (West 1985 & Supp. 1992), and any error in applying the enhancement was harmless, Fed. R. Crim. P. 52(a).
 
 IV.
 
 7
 We affirm Adkins' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED